GREEN *v.* GREEN.

1. DIVORCE—CROSS-BILL—EVIDENCE—SUFFICIENCY.
    A decree of divorce to the husband, on his cross-bill, *held,*. justified by the record.

2. SAME—CUSTODY OF MINOR—MODIFICATION OF DECREE.
    Where the custody of a minor daughter was temporarily awarded to plaintiff's parents, and until the further order of the court, plaintiff being declared an unsuitable person to have such custody, but said order was not complied with, plaintiff removing said child to Canada, and it appears by affidavit filed since the hearing that the child in now with plaintiff in this State, leave is granted either party to apply for a modification of the decree in that regard.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 19, 1921. (Docket No. 141.) Decided December 21, 1921.

Bill by Lenore Green against Frank Green for a divorce. Defendant filed a cross-bill asking for a divorce. From a decree for defendant, plaintiff appeals. Affirmed.

*J. W. Bennett,* for plaintiff.

*Harry H. Wait,* for defendant.

STONE, J. This case was brought here on appeal by the plaintiff to review a decree granting a divorce from the bonds of matrimony to the defendant upon his cross-bill. The parties were married on August 19, 1916, and lived together in the city of Detroit until about the middle of August, 1920. There is one living child of the parties, a girl, Trilby, born November 1, 1917.

Plaintiff filed her bill for divorce on September 9, 1920, alleging extreme cruelty and failure to support, which charges were embraced in two paragraphs of her bill as follows:

"4. That defendant has been guilty of repeated acts of extreme cruelty towards plaintiff. That he has frequently struck her, and has neglected and deserted her when in sickness, and wholly unable to care for herself, and has repeatedly left her without food and care when she was unable to rise from her bed.

"5. That defendant is able-bodied and vigorous, well able to provide a sufficient support for plaintiff and their child; that he is indolent, and that plaintiff has been compelled to teach music to eke out a poor existence with him, and that he has refused to work for more than one-half of the period that the parties have been married."

On September 20, 1920, an order was made directing the payment of temporary alimony and an attorney's fee, which order appears to have been complied with. The answer of the defendant denied all extreme cruelty, neglect to provide and refusal to work charged, and by way of cross-bill, charged that plaintiff had been guilty of extreme cruelty, in that she had refused to get his meals, to perform her household duties, and to look after the house in any way. Also that she had been guilty of improper conduct in going out nights to public dances and other places of amusement with other men, against defendant's objections, and especially that she had been guilty of gross misconduct with one Edward Marshall. All of this alleged misconduct of the plaintiff was denied in her answer to the cross-bill. An examination of the record shows nearly 100 pages of testimony in which there was much conflict and much of crimination and recrimination of the parties, and there would be no profit to anybody to repeat it here. The circuit judge saw and heard the witnesses testify and

was better able to give the evidence its due weight than we are. However, a careful reading of the evidence satisfies us that the trial court reached the correct conclusion in the case and made proper disposition thereof.

The court by its decree found that the material matters charged in the bill of complaint were not true, and that the material facts charged in the answer and cross-bill were true, and that plaintiff had been guilty of the several acts of extreme cruelty therein charged, and also that plaintiff was an unsuitable person to have the care, custody and maintenance of the child, Trilby, and that Charles Graham and Gertrude Graham, his wife, the parents of said plaintiff, were suitable persons to have, temporarily, the care, custody and maintenance of said child. The decree ordered and adjudged that the marriage be dissolved. The decree also ordered and adjudged that said Charles Graham and his wife, Gertrude, should have the care, custody and maintenance of said child, temporarily, and until the further order of the court, or until she shall have attained the age of 16 years, and that both plaintiff and defendant should have the right, at any time, and as often as each of them desired, to visit the said child.

It was further adjudged and decreed that the defendant should pay to the said Charles Graham and Gertrude Graham the sum of $5 each week for the care and support of said child, until she should attain the age of 16 years, or so long as, and while she should remain in the care, custody and control of said grand parents, or until the further order of the court.

The decree made disposition of certain property interests of the parties, which are not complained of by counsel. It was further decreed that said plaintiff should not marry again for the period of 2 years, from the date of the decree, which was February 19,

216—Mich.—32.

1921.   The plaintiff was awarded her taxable costs.

By certain motion papers in the case it appears that on May 3, 1921, and after the appeal was perfected, this court ordered the defendant to pay to plaintiff, or to her attorney, within 30 days from the date of the service of a copy of the order on him, the sum of $50 on account of expenses of appeal, and that defendant pay to plaintiff the sum of $10 per week as alimony pending the determination of said appeal.   It further appears that soon after the making of said last-named order the said plaintiff left Detroit and went to Canada, taking said child with her, and there remained with the child.   On July 19, 1921, that fact being made known to us, we, by order, so modified the order of May 3, 1921, as "to provide that alimony be paid to plaintiff by defendant only in the event that said plaintiff place the child of the parties in the custody of her parents, as provided for in the decree of the lower court."

It now appears by affidavit of the plaintiff, filed since the hearing of the case, that about July 20, 1921, she returned to Detroit from Canada, bringing the child with her, and that she is now keeping and supporting the child in Detroit.   This conduct does not comply with the terms of the order of this court of July 19th, above referred to.

The decree of the lower court will be affirmed, but without costs in this court.   Either party will be at liberty to apply to the circuit court for the county of Wayne, in chancery, for an order as to the future custody of said child, and for a modification of the decree in that regard.   No further order as to alimony in this court will be made.

STEERE, C. J., and MOORE, WIEST, CLARK, BIRD, and SHARPE, JJ., concurred.   FELLOWS, J., did not sit.